Submitted October 27, affirmed November 30, 2016

In the Matter of S. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. S.,
*Appellant.*

Marion County Circuit Court
15JU07988; A162204

387 P3d 484

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Amelia Andersen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In July 2015, the juvenile court asserted jurisdiction over child, S, after concluding that father, who was incarcerated, was unavailable as a custodial resource for child.[1] Shortly thereafter, the Department of Human Services (DHS) filed a new dependency petition alleging an additional basis for jurisdiction related to father's domestic violence. In April 2016, the court asserted jurisdiction over S based on the new allegation.

On appeal, father challenges the 2016 jurisdictional judgment, arguing that the court erred in asserting jurisdiction over S in the absence of expert testimony that custody of S by father was likely to result in serious emotional or physical damage to S, as required by the Indian Child Welfare Act (ICWA), 25 USC § 1912(e). Father did not preserve his argument below; however, he contends that he was not required to do so under 25 USC section 1914.

DHS, in turn, argues that the resolution of this case depends on whether the proceeding at issue constituted a "foster care placement" under 25 USC section 1903(1)(i). If it did, father was exempt from the preservation requirement and DHS was required to present expert testimony. However, DHS contends that the jurisdictional hearing was not a "foster care placement." Thus, according to DHS, father was required to preserve his claim and DHS was not required to present expert testimony.

We agree with DHS that the resolution of this case turns on whether the proceeding in this case was a "foster care placement." Further, we conclude that the relevant proceedings did not constitute a "foster care placement" within the meaning of ICWA, because S had already been removed from father's care in the earlier proceeding and, thus, the "significant shift in legal rights" that occurs when the court first asserts jurisdiction was not present in this case. *See Dept. of Human Services v. J. M.*, 266 Or App 453, 472, 338 P3d 191 (2014), *rev den*, 356 Or 689 (2015); *Dept. of Human*

---

[1] Child's mother is deceased.

*Services v. W. H. F.*, 254 Or App 298, 303-04, 295 P3d 78 (2012), *rev den*, 353 Or 428 (2013).

Affirmed.